# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 12, 2020

161917 & (125)(133)(134)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

HOUSE OF REPRESENTATIVES and
SENATE,
          Plaintiffs-Appellants,

v

GOVERNOR,
          Defendant-Appellee.

SC: 161917
COA: 353655
Ct of Claims: 20-000079-MZ

_____/

On order of the Court, the motions for immediate consideration are GRANTED. The motion for peremptory reversal is considered and, for the reasons stated in this Court's decision in *In re Certified Questions from the United States Dist Court*, ___ Mich ___ (Docket No. 161492, October 2, 2020), is GRANTED. We REVERSE that part of the judgment of the Court of Appeals holding that the Governor possesses the authority to issue executive orders under the Emergency Powers of the Governor Act, MCL 10.31 *et seq*. As stated in *In re Certified Questions*, the Emergency Powers of the Governor Act is incompatible with the Constitution of our state, and therefore, executive orders issued under that act are of no continuing legal effect. This order is effective upon entry. MCR 7.315(D). We REMAND this case to the Court of Claims for the immediate entry of an order granting declaratory relief consistent with this order.

It should again be emphasized, see *In re Certified Questions*, ___ Mich at ___ n 1; slip op at 3 n 1, that our decision today, like our decision in *In re Certified Questions*, leaves open many avenues for our Governor and Legislature to work together in a cooperative spirit and constitutional manner to respond to the COVID-19 pandemic.

MCCORMACK, C.J. (*dissenting*).

For the reasons already set forth in my opinion concurring in part and dissenting in part in *In re Certified Questions from the United States Dist Court*, ___ Mich ___ (Docket No. 161492, October 2, 2020) (MCCORMACK, C.J., concurring in part and dissenting in part), I dissent from the majority's order reversing the Court of Appeals in this case. I do not believe the Emergency Powers of the Governor Act, MCL 10.31 *et seq*., is an unconstitutional delegation of legislative power under any reasonable reading of our (or the United States Supreme Court's) nondelegation jurisprudence. Indeed, that's why the majority had to rely so heavily on Justice Gorsuch's nonbinding

dissenting opinion in *Gundy v United States*, 588 US ___, ___; 139 S Ct 2116, 2131; 204 L Ed 2d 522 (2019) (Gorsuch, J., dissenting).

Finally, while I do not believe there is any rule that permits the Court to delay its answer to the certified questions, see *In re Certified Questions from the United States Dist Court*, ___ Mich ___ (Docket No. 161492, October 12, 2020) (MᶜCORMACK, C.J., concurring), I would not give the decision in this separate case immediate effect. I share the majority's hope that the Governor and Legislature will work cooperatively, and as a result, I would not deviate from our regular procedure to rush the enforcement of this order. I respectfully dissent.

CAVANAGH, J., joins the statement of MᶜCORMACK, C.J.

BERNSTEIN, J. (*dissenting*).

For the reasons stated in my dissenting statement in *In re Certified Questions from the United States Dist Court*, ___ Mich ___ (Docket No. 161492, October 12, 2020), I would decline to give the Court's order in this case immediate effect. Instead, consistently with my response to the motion to delay filed by defendants in *In re Certified Questions*, I would exercise our discretion to stay the precedential effect of our decision until October 30.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 12, 2020



Clerk

t1007